No. 2408.
Second Circuit

HARVEY v. NORTH ˙LOUISIANA SANI-TARIUM

(December 11, 1926. Opinion and Decree.)
(January 28, 1927. Rehearing Refused.)
· (March 11, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Master and Servant —Par. 164.

The evidence showing that it is not within the scope of the employment of the

trained nurses of a sanitarium to watch the progress of the patient's labor and to call the physician when her symptoms indicate the necessity of his presence, the sanitarium cannot be held liable in damages for failure of nurse to watch patient closely and call physician before childbirth.

2. **Louisiana Digest—Mandate—Par. 47, 49, 78.**

Where the evidence in a damage suit fails to show that a trained nurse connected with a sanitarium was authorized to make a contract for the sanitarium, such authority will not be presumed, and the sanitarium will not be held liable for damages for alleged negligence of the nurse.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Mrs. Rosa Lee Harvey, et al., against North Louisiana Sanitarium, Limited, et al.

There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

Robertson & Gibbs, of Shreveport, attorneys for plaintiffs, appellants.

Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendant, appellee.

WEBB, J. The plaintiffs, Mrs. Rosa Lee Harvey and her husband, D. G. Harvey, brought this action against the North Louisiana Sanitarium, Ltd., and Dr. W. B. Heidorn, to recover damages alleged to have been sustained by them as the result of the alleged negligence of defendants in treating and attending upon Mrs. Harvey, while she was a patient at the sanitarium operated by the North Louisiana Sanitarium, Ltd., giving birth to a child, and attended by Dr. Heidorn.

In the course of the trial, plaintiffs took a nonsuit against Dr. Heidorn, continuing the trial as against the North Louisiana Sanitarium, Ltd., which resulted in a judgment in favor of defendant, plaintiffs' demands being rejected, and they appealed.

## OPINION

The record establishes that Dr. Heidorn had been engaged by D. G. Harvey to attend his wife during her expected confinement; that during the evening of January 13, 1924, Mrs. Harvey began to suffer pains, and Dr. Heidorn, being notified, by agreement between D. G. Harvey and Dr. Heidorn, Mrs. Harvey was carried to the sanitarium operated by the defendant, where Dr. Heidorn met her, and had a room assigned to her, where he examined her in order to ascertain the progress of her labor.

The room which was assigned to Mrs. Harvey was on the third floor of the building, on which floor there were other rooms occupied by other patients, all of whom were under the care of Miss Waldron, a nurse in the employ of the defendant, who, with other nurses, in charge of patients on other floors, were under the supervision of Miss Gibson, a nurse in the employ of defendant.

The examination made by Dr. Heidorn of Mrs. Harvey was in the presence of D. G. Harvey and Miss Gibson, and after he had completed the examination, he informed plaintiffs that Mrs. Harvey's labor had just begun and that he would not be needed for two or three hours, and in the meantime he would go to another part of the building and retire, and he then instructed Miss Gibson to watch the patient closely and call him when she (Miss Gibson) thought he was needed.

After giving these instructions (which was at about 11 o'clock P.M.) the physician left the room and Miss Waldron attended the patient until about twenty minutes past two o'clock A.M., when Miss Gibson (who had called at the room from time to time to ascertain the condition of the patient) had Miss Waldron call the physician, and, although the latter hurriedly responded, he did not reach the bedside of Mrs. Harvey until the child had been partially born.

A number of physicians testified that, in childbirth, there are several stages of labor, the first being indicated by pains suffered by the patient which increase in severity and occur at shorter intervals as that stage draws to a close, or culminates in the second stage, which is marked by certain objective symptoms; and then the third stage, in which the child is delivered; that it is not necessary nor the custom of physicians to be present during the first stage, or until that stage is about to culminate in the second stage, although they all agree that, in some cases, no appreciable distinction, in point of time, exists in the occurrence of the stages of labor.

The plaintiffs, after alleging the circumstances relative to Mrs. Harvey being carried to the sanitarium, the examination by the physician, and his leaving the room after giving the instructions to the nurse, alleges that, after the physician had left, Mrs. Harvey's pains increased in severity and occurred at frequent intervals, and that she and her husband requested the nurses to call the physician, and they failed, refused and neglected to do so, and the physician failed and neglected to attend his patient, resulting in Mrs. Harvey suffering unnecessary pain, and causing the passages leading from the womb to be lacerated, causing her illness to be prolonged and restoration to health to be delayed, and an unusual expense for services of physicians and nurses, and that they were entitled to recover as follows:

Mr. D. G. Harvey: "For shock and mental suffering suffered by petitioner * * * because of the neglect of his said wife * * * the sum of one thousand dollars; for trained nurse, medical service and medicines * * * as the result * * * of said negligence * * * five hundred dollars."

Mrs. Rosa Lee Harvey: "For pain, shock and suffering, fifteen hundred dollars; for lacerations and other injuries * * * two thousand dollars; for injuries to her health * * * five hundred dollars."

The defenses interposed by the defendant are that the defendant is not liable, the evidence establishing that the negligence, if any, was committed in the performance of a duty outside of the scope of the nurse's employment; that it does not show any negligence, and, if so, that the injuries complained of resulted from such negligence, and that the evidence does not establish any amount of damages, of which defenses we find it necessary to consider only the first.

Counsel state that D. G. Harvey's action is based upon a contract, or his right of action arises ex contractu, while the action of Mrs. Harvey is based upon a tort and arises ex delicto, while the defendant contends that they have no right to recover as against it.

The evidence does not show what are the general duties of the nurses, nor what were their duties under or incident to the implied obligations of the defendant to the plaintiffs, arising from the circumstance of Mrs. Harvey having been assigned to a room in the institution operated by defendant, in which the patients were (where a special nurse was not en-

gaged, as in the instant case) under the care of the nurses or employees of the defendant; but, if the duty assumed by the nurse, as the instructions given by the physician seem to imply, and which also appears to be the position taken by the plaintiffs under their allegations, was to determine the progress of the patient's labor and to call the physician when her symptoms indicated the necessity of his presence, it is stated by the president of defendant company, who is a physician, that such duty is not in the scope of the nurse's employment, that in such an undertaking the nurse would be practicing medicine, for which she was neither authorized nor qualified, and there was no testimony offered which is in conflict with this evidence, unless it be that which establishes it was the custom of physicians at all of the hospitals in childbirth cases to follow the course taken by Dr. Heidorn.

Counsel contend that the evidence showing the nurse was acting without the scope of her employment, it follows the defendant cannot be held responsible, as the court cannot, in the absence of evidence showing what were the duties of the nurse, assume that the nurse, in undertaking to determine the progress of the patient's labor, was acting in the course of her employment, that the duty was an incident of any obligation of the defendant to the plaintiffs, in the face of the testimony which shows the act of the nurse was one which she was not authorized to do, and of the evidence showing that the physician was not an employee of the defendant, but if such assumption should be made, that the evidence shows the duty undertaken by the nurse was one which the physician was employed to perform, and that he alone was authorized to discharge, and that the defendant is not liable for the act, or negligence of the nurse in performing a service which relates to exclusive duty of the physician in the treatment of his patient, where such service is performed at the instance of the physician; that as to such services the nurse is the servant of the physician, and must follow his instructions, and where, as in the present instance, the negligence charged is alleged and shown to have related solely to the performance of such service, the hospital cannot be held responsible and that to do so would be in effect to hold the hospital responsible to the plaintiffs for the negligence, torts or incompetency of their employee, over whom the defendant had no control, and who was not connected with the management of the institution.

It is conceded that the defendant is not liable for the negligence or torts of its employees committed without the scope of their employment, and without considering the forceful suggestions of counsel for the distinction which might be made, we are of the opinion that the evidence fails to establish that the act which the nurse is alleged to have negligently performed was within the scope of her employment, and the evidence, also failing to show that the nurse was authorized to make a contract for the defendant, or to show facts from which such authority could be presumed, we are of the opinion that the judgment appealed from is correct, and it is affirmed.